THE STATE OF OHIO, APPELLEE, *v.* GOODNIGHT, APPELLANT.

(No. 36049—Decided May 19, 1977.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Mr. Thomas L. Jacobs,* for appellant.

KRENZLER, J. The defendant-appellant, Herbert Goodnight, Jr., hereinafter referred to as appellant, was indicted on July 1, 1975, by the Cuyahoga County Grand Jury for three violations of R. C. Chapter 3719, the former drug law. Count I charged the appellant with possession for sale of heroin, in violation of R. C. 3719.20(A). Count

II charged the appellant with possession for sale of cocaine, in violation of R. C. 3719.20(A). The third count charged the appellant with knowingly permitting the use of his dwelling house for the illegal keeping, dispensing, or administering of heroin and/or cocaine, in violation of R. C. 3719.101. At his arraignment, the appellant entered a plea of not guilty to all counts of the indictment.

On October 6, 1975, the appellant withdrew his pleas of not guilty and entered a plea of guilty to the first count of the indictment, possession for sale of heroin. The remaining two counts were nolled by the court.

The appellant appeared for sentencing on December 29, 1975, and requested a continuance and the sentencing was continued and rescheduled for January 15, 1976, at which time the parties stipulated that the appellant possessed 22.282 grams of heroin. The trial court then entered the following judgment:

"* * * [T]hat the defendant be imprisoned and confined in the Ohio State Reformatory, Mansfield, Ohio, for a period of one and one-half years to ten years pursuant to Substitute House Bill 300 with all jail time credited.'"

The appellant filed a timely notice of appeal and set forth one assignment of error for this court's consideration:

"The lower court erred by not dismissing the charge against appellant abrogating the conviction and finally releasing from imprisonment appellant pursuant to Ohio Revised Code 5145.07 (*sic*) Section 3 effective November 21, 1975 as being charged with an offense which will not exist as of July 1st, 1976."

Simply stated, appellant's position is that the offense to which he plead guilty is not an offense under the new drug abuse law and the charges against him should be dismissed pursuant to Section 3 of Amended Substitute House Bill 300.[2]

---

[1] R. C. 2925.03(C)(4).

[2] Section 3 of Amended Substitute House Bill 300 will hereinafter be referred to as Section 3, and Amended Substitute House Bill 300 will be referred to as H. B. 300.

In this case, we are called upon to determine whether the defendant should be discharged because the offense to which he plead guilty, possession for sale under R. C. 3719.20(A), is no longer an offense under the new drug abuse law.[a]

In deciding this issue, we must examine certain relevant provisions of Ohio's recently enacted drug law.

Prior to July 1, 1976, the effective date of the new drug law, most of Ohio's drug laws were contained in the Uniform Narcotic Drug Act.[4] This act contained both regulatory and penal laws in regard to narcotic drugs in Ohio with some of the prohibitions and violations contained in R. C. 3719.20 and the penalties contained in R. C. 3719.99, rather than in Title 29, the Ohio Criminal Code.

The Ohio legislature enacted H. B. 300 on July 31, 1975. Certain penalty provisions became effective on November 21, 1975,[5] and the balance of the act became effective on July 1, 1976.[6]

Section 1 of the act amended certain existing sections of R. C. Chapter 3719 and enacted R. C. Chapter 2925. Section 2 repealed several existing sections of R. C. Chapter 3719.

One of the changes in R. C. Chapter 3719 involves the adoption of a new term, "controlled substance," which means a drug, compound, mixture, preparation or substance listed in Schedules I, II, III, IV or V of R. C. 3719.41. These schedules list drugs according to their medical use and relative danger with the most dangerous drugs listed in Schedules I and II and the less dangerous drugs contained in Schedules III, IV and V. Another new term adopted is "drug of abuse," which is any controlled substance defined in R. C. 3719.01, any harmful intoxicant defined in R. C. 2925.01 or any dangerous drug defined in R. C. 4729.-02.

---

[a] The term "old drug law" hereinafter used refers to R. C. Chapter 3719, and the term "new drug law" hereinafter used refers to R. C. Chapters 2925 and 3719, as amended.

[4] R. C. Chapter 3719.

[5] Section 3.

[6] Section 4.

A "drug abuse offense" is a violation of any of several of the newly adopted provisions of R. C. Chapter 2925,[7] or a violation of any existing or former laws of Ohio or any other state of the United States substantially equivalent to any of the new offenses contained in R. C. Chapter 2925.[8]

Several other terms were introduced into the new law. One of these is "bulk amount" of a controlled substance.[9] Bulk amounts are those that are normally possessed by a drug seller, pusher or dealer.

The new drug abuse law contains a section entitled, "Trafficking in Drugs," which lists eight offenses.[10] This section deals with the illicit business of supplying drugs such as manufacturing, cultivating, selling, distributing and possession of bulk amounts.[11] The enumerated offenses relate to illicit drug traffic and are more concerned with dealers, peddlers and pushers than with users. For example, possession of various bulk amounts of a controlled substance is considered aggravated trafficking or trafficking in drugs depending upon the type of controlled substance involved.[12]

In the new drug law there are three possession offenses. Two of them are in the trafficking section and involve possession of controlled substances in excess of the bulk amount and are aimed at sellers and peddlers. The third possession offense is possession of less than the bulk amount, and it is aimed at users rather than sellers.

Relevant to the issue in this appeal are those offenses in R. C. 2925.03(A)(4) and (6), relating to the possession of a controlled substance in an amount equal to or exceeding the bulk amount, and R. C. 2925.11(A), relating to the possession of less than the bulk amount.

If the possession of the controlled substance is equal to

---

[7] R. C. 2925.02, .03, .11, .12, .13, .21, .22, .23, .31, .32, .36.
[8] R. C. 2925.01(H).
[9] R. C. 2925.01(E).
[10] R. C. 2925.03.
[11] R. C. 2925.03(A).
[12] R. C. 2925.03(A)(4), (6); R. C. 2925.03(C), (D), (E).

or exceeds the bulk amount but is less than three times that amount,[13] the offense is either a third or fourth degree felony depending upon the schedule in which the controlled substance is listed.[14] If the possession of the controlled substance is in an amount equal to or exceeding three times the bulk amount[15] the offense is either a second or third degree felony, depending upon the schedule in which the controlled substance is listed.[16]

The penalty for a second degree felony is actual incarceration of three years to a maximum of fifteen years.[17] The penalty for a third degree felony is actual incarceration for eighteen months to a maximum of ten years.[18] For a fourth degree felony, the punishment is actual incarceration for six months to a maximum of five years.[19]

If the controlled substance involved is marijuana, a violation of R. C. 2925.03(A)(1)-(8) is classified as trafficking in marijuana and the offense is either a second, third or fourth degree felony depending upon the amount involved.[20] If the offense involves a gift of twenty grams or less, trafficking in marijuana is a minor misdemeanor.[21]

Further, it is an affirmative defense to a charge for possession of a bulk amount of a controlled substance that the substance is used solely for personal use.[22] If a person is charged with possessing a bulk amount or multiple thereof, the jury or court trying the accused shall determine the amount of the controlled substance involved at the time of the offense and if a guilty verdict is returned, the findings are returned as part of the verdict.[23]

---

[13]R. C. 2925.03(A)(4).

[14]R. C. 2925.03(C)(4); R. C. 2925.03(D)(3).

[15]R. C. 2925.03(A)(6).

[16]R. C. 2925.03(C)(5); R. C. 2925.03(D)(5).

[17]R. C. 2925.03(C)(5); R. C. 2929.11(B).

[18]R. C. 2925.03(C)(4); R. C. 2925.03(D)(5); R. C. 2929.11(B)(3).

[19]R. C. 2925.03(D)(3); R. C. 2929.11(B).

[20]R. C. 2925.03(E)(1), (2), (3),(4); R. C. 2929.11(B).

[21]R. C. 2925.03(E)(5); R. C. 2929.21(C).

[22]R. C. 2925.03(F).

[23]R. C. 2925.03(G). It is not necessary to find and return the exact amount of the controlled substance, but it is sufficient if the finding and

The third possession offense is found in R. C. 2925.11 and is entitled, "Drug Abuse." This offense is principally aimed at users and not at sellers. This statute provides that no person shall knowingly obtain, possess or use a controlled substance,[24] but it does not apply to manufacturers, practitioners, pharmacists, owners of pharmacies, or any person who obtains the controlled substance pursuant to a prescription issued by a practitioner where the drug is in the original container in which it was dispensed to such person.[25] Whoever violates R. C. 2925.11 is guilty of drug abuse and if the drug involved is listed in Schedule I or II, with the exception of marijuana, the offense is a felony of the fourth degree.[26] If the drug invoved is a substance included in Schedules III, IV or V, the offense is a misdemeanor of the third degree.[27]

If the drug involved is marijuana, the offense is a misdemeanor of the fourth degree, unless the amount involved is less than 100 grams, in which case the offense is a minor misdemeanor.[28] Arrest or conviction for a minor misdemeanor in violation of this section does not constitute a criminal record.[29]

The new drug law provides substantially reduced penalties for similar violations under the old law. For example, the penalty for the offense of possession for sale of a narcotic drug under former R. C. 3719.20(A) was ten to twenty years. Now a similar offense of the possession of bulk amounts or multiples thereof of a controlled substance constitutes trafficking and is either a second, third or fourth degree felony, depending upon the

the return is to the effect that the amount of the controlled substance involved is a bulk amount or the requisite multiple thereof or that the amount of the controlled substance involved is less than a bulk amount or the requisite multiple thereof.

[24]R. C. 2925.11(A).
[25]R. C. 2925.11(B).
[26]R. C. 2925.11(C)(1).
[27]R. C. 2925.11(C)(2).
[28]R. C. 2925.11(C)(3).
[29]R. C. 2925.11(D).

type of controlled substance and the amount.[30] Second, third and fourth degree felonies provide for penalties from six months to a maximum of fifteen years.[31]

Under the old law, the penalty for an illegal sale of a narcotic drug under R. C. 3719.20(B) was twenty to forty years. Under the new law, the sale of a controlled substance in violation of R. C. 2925.03(A)(1), (5) or (7) is either a first, second, third or fourth degree felony, depending upon the type of controlled substance and the amount, with the penalties ranging from six months to twenty-five years.[32]

Formerly, the illegal possession of a narcotic drug under R. C. 3719.09 provided for imprisonment of two to fifteen years and a fine of not more than $10,000.[33] The possession of an hallucinogen, including marijuana, under former R. C. 3719.41 carried a penalty of up to one year imprisonment and a fine of $1,000.[34] Currently, the possession of a controlled substance under R. C. 2925.11 constitutes either a fourth degree felony, a misdemeanor of the third degree, a misdemeanor of the fourth degree, or a minor misdemeanor, depending upon the controlled substance.[35] The penalty for a fourth degree felony ranges from six months to five years.[36] The penalty for a third degree misdemeanor is not more than sixty days in jail and a fine of not more than $500; the penalty for a fourth degree misdemeanor is not more than thirty days in jail with a fine of not more than $250; and a minor misdemeanor provides for a fine of not more than $100.[37]

Sections 3 and 4 of H. B. 300 are temporary, uncodified law and modify the effective date of R. C. Chapter 2925.

[30] R. C. 2925.03(C)(4), (5); R. C. 2925.03(D)(3), (5); R. C. 2925.03(E)(1)-(4).
[31] Id., R. C. 2929.11(B).
[32] R. C. 2925.03; 2929.11(B).
[33] R. C. 3719.99(C).
[34] R. C. 3719.99(N).
[35] R. C. 2925.11(C).
[36] R. C. 2929.11(B)(4).
[37] R. C. 2929.21(B).

Section 4 provides that Sections 1 and 2 shall take effect on July 1, 1976. Section 3 provides and requires that sentences in effect on November 21, 1975, and sentences imposed on or after that date be modified or imposed in accordance with the new penalty structure. Thus, the old offenses under R. C. Chapter 3719 remained in existence until July 1, 1976, but the new penalties under R. C. Chapter 2925 became effective on November 21, 1975.

Section 3 provides that any person charged, convicted or serving a sentence of imprisonment for an offense under existing law that would not be an offense on July 1, 1976, shall have the charge dismissed and the conviction abrogated, shall be finally released from imprisonment and shall have his records expunged of all information concerning that offense. Any person charged with an offense committed prior to July 1, 1976, that shall be an offense under the new drug abuse act, shall be prosecuted under the law as it existed at the time the offense was committed and any person convicted or serving a sentence of imprisonment for an offense under existing law, that would be an offense on July 1, 1976, but would entail a lesser penalty than the penalty provided for the offense under existing law, shall be sentenced according to the penalties provided in the new law or have his existing sentence modified in conformity with the penalties provided in the new law.[88] Such modification shall grant him a final release from imprisonment, if he has already completed the period of imprisonment provided under the new act, or shall render him eligible for parole release from imprisonment if he has completed a period of imprisonment that would render him eligible for parole under the provisions of the act.

In dealing with the relationship between the old law and the new law and the application of Section 3, it is necessary to determine whether an offense under the old law is an offense under the new law and if it is which penalty under the new law would apply. The problem of determining

---

[88] The term resentencing refers to either sentencing or resentencing where applicable in Section 3 of H. B. 300.

whether an offense under the old law is an offense under the new law is special or peculiar to the former offense of possession for sale. There is no similar problem in regard to the offenses of possession or sale because both the offenses of possession and of sale under the old law are clearly offenses under the new law.

Unfortunately, the legislature did not provide guidelines for determining which offenses under the old law are offenses under the new law for the purpose of sentencing or resentencing. Thus, the courts are required to interpret the legislative intent based on the legislation as it was enacted.

We recognize that because of the manner in which H. B. 300 was drafted the trial courts of Ohio have not been implementing the provisions of Section 3 in a uniform manner. In deciding the issue of whether the offense of possession for sale under the old drug law is an offense under the new drug law, there are five possible interpretations of Section 3 of H. B. 300 as it relates to this issue.

1. The first is that possession for sale under the old law, R. C. 3719.20(A), with a penalty of ten to twenty years, is an offense under the new law—namely, trafficking under R. C. 2925.03(A)(6). This conclusion is based on the following reasoning. The elements of possession for sale were "possession of a narcotic drug" and an "intent to sell" regardless of the amount of the drug possessed. A person who was in illegal possession of a narcotic drug with an intent to sell it was considered to be a seller, pusher, peddler or a person of some similar description but not necessarily a mere user.

Since it was difficult to prove intent to sell, it can be concluded that the legislature substituted the element of bulk amount of a controlled substance for intent to sell. Arguably, the legislature reasoned that a person having possession of a controlled substance in excess of the bulk amount is presumed to be a seller, pusher or peddler rather than a user. Thus, that person would now be a trafficker of a controlled substance in violation of R. C. 2925.03(A)(4) or (A)(6).

The argument that the offense of possession for sale under the old law is an offense under the new law is also supported by the language of R. C. 2925.01(H)(2), which states that a violation of an existing or former law substantially equivalent to a new offense is currently a drug abuse offense. Therefore, under this argument, the possession for sale and the possession of a controlled substance in excess of a bulk amount are the same offense and the defendant should be resentenced according to Section 3 for a second degree felony violation of R. C. 2925.03(A)(6), with actual incarceration of three years to fifteen years because the drug involved is heroin which is a Schedule I controlled substance. This is so regardless of the amount of the controlled substance involved in the prior conviction and the amount is not considered when resentencing.

2. The second interpretation is that Section 3 requires the discharge of the appellant because it specifically provides that any person convicted of an offense under the old drug law shall be discharged if that offense is not an offense under the new law. According to this argument, since the appellant plead guilty to possession for sale under the old law, and since possession for sale is not an offense under the new law, the appellant is clearly entitled to have his conviction abrogated, to be released from imprisonment, and to have his records expunged of all information concerning that offense. It is argued that this result is required by the clear and specific language of the statute.

3. The third interpretation is that under the well-established principle of lesser included offenses and merger, wherein a judgment of conviction entered for a single offense merges in it all lesser included offenses,[39] the appellant's conviction should be reduced from possession for sale under the old law to drug abuse under the new law, R. C. 2925.11.[40] The basis of this argument is that the only new

---

[39]See R. C. 2945.74; Blockburger v. United States (1932), 284 U. S. 299; State v. Ikner (1975), 44 Ohio St. 2d 132; State v. Rose (1914), 89 Ohio St. 383.

[40]State v. Rogers (1976), 346 N. E. 2d 352.

law which contains a common element with the old law of possession for sale is the new offense of possession under R. C. 2925.11. The common element is possession. Therefore, under this theory the appellant's sentence should be reduced to a fourth degree felony with incarceration of six months to five years.[a]

4. The fourth interpretation is that if possession for sale under the old law is an offense of trafficking-possession under the new law, it is necessary to have a hearing to determine the bulk amount of the controlled substance the appellant possessed and whether it is a violation of R. C . 2925.03(A)(4) or (A)(6) before the defendant can be sentenced or resentenced.

The basis of this argument is that while the legislature did not expressly provide for a hearing, it intended that such a hearing be held because R. C. 2925.03(A) provides for two different trafficking-possession offenses depending upon the bulk amount and Section 3 provides for a resentencing if the penalty under the new law is less than the penalty under the old law. Such a hearing is necessary to determine whether the violation is of R. C. 2925.03(A)(4) or of R. C. 2925.03(A)(6). Also, a hearing is necessary to determine if the appellant possessed less than the bulk amount which would be a violation of R. C. 2925.11, drug abuse-possession.

Further, according to this interpretation, these hearings would not violate Section 28, Article II of the Ohio Constitution, which prohibits retroactive laws, because they are procedural and remedial, rather than substantive. Testimony in regard to the bulk amount at the resentencing hearing would not be evidence of a substantive element of the crime, and, therefore, the procedure would be valid.

5. The final argument is that Section 3 of H. B. 300 is unconstitutional because it is vague, indefinite, and does not provide standards for an application of the resentencing provisions.

After considering the five alternatives stated above,

---

[a] R. C. 2925.11(C)(1).

it is our conclusion that the crime of possession for sale under the old law is substantially equivalent to trafficking under R. C. 2925.03(A)(6) and that the appellant should have been sentenced under the new law for a second-degree felony with actual incarceration of three years to a maximum of fifteen years.

The basis of this conclusion is that the legislature provided in R. C. 2925.01(H)(2) that a violation under the old drug law which is substantially equivalent to an offense under the new law is a drug-abuse offense under the new law. Thus, possession for sale under the old law is a violation of R. C. 2925.03(A)(6), trafficking-possession, under the new law.

It is again noted that the problem of interpreting whether an offense under the old law is an offense under the new law only occurs with the former offense of possession for sale and not with the offenses of possession or sale because both of these offenses were offenses under the old law and are offenses under the new law. The new law, however, does not include the offense of possession for sale but includes trafficking-possession offenses which contain the elements of possession of a controlled substance in various bulk amounts. Both the offense of possession with intent to sell under the old law and the offense of possession of amounts in excess of bulk amounts under the new statute are equivalent because they apply to sellers, dealers, pushers and peddlers rather than mere users of controlled substances. It is our view that the legislature merely substituted the element of bulk amount for the element of intent to sell.

Because the legislature did not state which offenses under the old law are offenses under the new law for the purposes of sentencing and resentencing pursuant to Section 3, it is our decision that possession for sale under the old law is a violation of R. C. 2925.03(A)(6) because it is a substantially equivalent offense.

It is recognized that our decision that possession for sale under the old law is a trafficking-possession offense under the new law raises the question of whether it is a vio-

lation of R. C. 2925.03(A)(4), which is a third-degree felony providing for a sentence of actual incarceration of eighteen months to ten years, or a violation of R. C. 2925.03(A)(6), which is a second-degree felony providing for a sentence of actual incarceration of three years to a maximum of fifteen years.

Because the penalty for possession with intent to sell under the old law was incarceration of ten to twenty years, which is greater than the penalty for trafficking-possession under the new law, it is our decision that Section 3 of H. B. 300 requires that persons convicted for possession with intent to sell under the old law be sentenced or resentenced according to the new law. The sentence imposed under the old law should be reduced to the next lowest penalty for a trafficking-possession offense, which is a violation of R. C. 2925.03(A)(6). Upon motion, Section 3 is a relief provision which provides for the ministerial function of resentencing where appropriate and does not provide for a new trial or a hearing.

We reject the four other arguments for the following reasons. The literal argument that Section 3 of H. B. 300 requires that the appellant be discharged because the offense to which he plead guilty, possession for sale, under the old law is no longer an offense under the new law, would lead to an unconscionable result. It would mean that every pusher or peddler who was convicted or plead guilty to possession for sale of heroin under the old law would be discharged.

The legislature could not have intended such a literal interpretation which would produce such an absurd result. To reach this conclusion, it would be necessary to strain the language of R. C. 2925.01(H)(1) and (2) and Section 3 beyond any reasonable interpretation.

The argument in regard to lesser included offenses is also not valid because it too would produce an unreasonable result. Under this theory, the appellant's sentence would be reduced to that for possession under R. C. 2925.11(C)(1), which would be a fourth degree felony carrying a penalty of six months to five years since the substance involved was

heroin. There is no question that the offense of possession is a lesser included offense of the offense of possession for sale under the old law. This does not mean, however, that the legislature intended, in enacting Section 3 of H. B. 300, that all persons convicted of possession for sale under the old law should be resentenced for the offense of possession under the new law. It would be unreasonable to conclude that the legislature intended that peddlers or pushers convicted of possession for sale under the old law and sentenced to ten to twenty years in the penitentiary should be converted into mere users and be resentenced under R. C. 2925.11 for a period of six months to five years.

Also, since possession with intent to sell was aimed at drug traffickers, this is not an offense substantially equivalent to possession of less than the bulk amount in violation of R. C. 2925.11 which is aimed principally at users. The offenses of trafficking-possession contained in R. C. 2925.-03(A) are the new offenses substituted for possession with intent to sell.

We also reject the argument that the legislature intended that hearings should be held to determine the bulk amount of a controlled substance possessed by a person previously convicted of possession for sale in order to ascertain whether such person's sentence should be reduced to trafficking in drugs under R. C. 2925.03(A)(4) or (6).

We reject this argument for several reasons. Initially, we note that the legislature did not expressly provide for such a hearing. Secondly, a statutory provision for a current determination of an element of a crime which is to have retroactive application may be unconstitutional as an *ex post facto* law. Thirdly, if evidence of a bulk amount is not considered an element of the crime, Section 3 contains no provision indicating who shall have the burden of proof in regard to the bulk amount. Lastly, there are numerous administrative problems imposed on both the state and the defendant in producing evidence of the bulk amount after the case has been closed since evidence may have been destroyed.

For these reasons, it is our conclusion that the legisla-

ture did not intend that a hearing be held to determine the bulk amount in resentencing a person who was convicted under the old drug law.

Lastly, the argument that Section 3 of H. B. 300 is vague and standardless and therefore unconstitutional is not well taken. It is conceded that the legislature did not spell out in detail which offenses under the old law are considered offenses under the new law for the purpose of resentencing. But, the legislative enactments of R. C. 2925.01 (H) and Section 3 are sufficiently clear for a court to make such a determination.

If this decision produces a seemingly harsh result because those convicted of possession for sale under the old drug law will not be discharged or have their sentence further reduced, this can be rectified by additional legislative action or by the adult parole authority as to prisoners who have served the minimum time under the statute and are eligible for parole. To give relief beyond that expressed in this opinion would be to distort the law beyond what we deem to be the legislative intent.

Because of the foregoing discussion, the appellant's assignment of error is not well taken and he should not be discharged. Also, the trial court's sentence under R. C. 2925.03(C)(4) for violation of R. C. 2925.03(A)(4) is error.

The judgment of the trial court that the defendant is guilty of possession for sale in violation of former R. C. 3719.20 is affirmed, but the sentence of the trial court is reversed and remanded for resentencing consistent with this opinion.

*Judgment affirmed in part and reversed in part.*

CORRIGAN and STILLMAN, JJ., concur.