**Larry J. GIBBS, Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

No. 99–3302.

United States Court of Appeals,
Sixth Circuit.

Feb. 5, 2001.

Before MARTIN, Chief Judge; COLE, Circuit Judge; and NUGENT, District Judge.*

* The Honorable Donald C. Nugent, United States District Judge for the Northern District of Ohio, sitting by designation.

## ORDER

Pro se federal prisoner Larry J. Gibbs appeals a district court judgment that denied his motion to vacate sentence pursuant to 28 U.S.C. § 2255. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

In 1992, Gibbs was tried before a jury and convicted of conspiracy to possess cocaine and heroin with the intent to distribute. *United States v. Hood,* Nos. 92–3657, 1994 WL 4723, at *1 (6th Cir. Jan. 6, 1994) (unpublished). The court sentenced Gibbs to a total of 360 months of imprisonment. A panel of this court affirmed Gibbs's conviction and sentence. *Id.* at **1, 12.

In May 1997, Gibbs filed a § 2255 motion, claiming, inter alia, that counsel was ineffective in failing to investigate and object to the use of his prior offenses to classify him as a career offender. The district court denied § 2255 relief, but granted Gibbs a certificate of appealability on the issue whether Gibbs "was denied the effective assistance of counsel in violation of his Sixth Amendment rights for failing to object to the use of petitioner's prior state court convictions and the determination of petitioner's career-offender status." We ordered that the parties submit briefs as to this issue.

In his timely appeal, Gibbs argues that counsel was ineffective because his 1987 conviction under Ohio Revised Code § 2925.03(a)(4) was improperly used to classify him as a career offender under USSG § 4B1.1.

The district court properly rejected Gibbs's claim of ineffective assistance. To establish that counsel was ineffective, Gibbs must show: (1) deficiency–that counsel's performance was, under all of the circumstances, unreasonable under pre-

vailing professional norms; and (2) prejudice–that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome would have been different. *Strickland v. Washington,* 466 U.S. 668, 687–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* applies in noncapital sentencing proceedings. *Arredondo v. United States,* 178 F.3d 778, 783–84 (6th Cir.1999).

Because Gibbs was properly classified as a career offender, Gibbs cannot show *Strickland* prejudice from counsel's alleged failure to investigate Gibb's prior conviction. The Guidelines provide that a defendant is a career offender if: (1) he was at least eighteen when he committed the offense of conviction; (2) the offense of conviction is a felony that is a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of crimes of violence or controlled substance offenses. § 4B1.1. The Guidelines further provide that a "controlled substance offense" includes any felony offense, state or federal, that involves the distribution of a controlled substance. § 4B1.2(b).

Gibbs argues that one of his predicate offenses, his conviction under Ohio Revised Code § 2925.03(a)(4), involved simple possession and that counsel's failure to determine this and prove it to the sentencing judge amounted to constitutional ineffectiveness. In determining whether a particular offense constitutes a "controlled substance offense" under the Guidelines, this court employs a categorical approach "limited to an examination of the fact of conviction and the statutory definition of the predicate offense." *United States v. Arnold,* 58 F.3d 1117, 1121 (6th Cir.1995). Under this approach, the court does not look through to the defendant's actual criminal conduct. *Id.*

■ Ohio Revised Code § 2925.03(A), titled "Drug Trafficking Offenses," reads: "No person shall knowingly sell or offer to sell a controlled substance." According to Gibbs, he was convicted under subsection (a)(4) of this statute for possessing a bulk amount of cocaine, but his offense actually involved only simple possession. Simple possession constitutes a violation of Ohio Revised Code § 2925.11, which is titled "Drug Possession Offenses." Section 2925.03 relates to illicit drug trafficking, while § 2925.11 is aimed at users and not at sellers. *State v. Goodnight,* 52 Ohio App.2d 333, 370 N.E.2d 486, 488 (Ohio App.1977). The statutory scheme reveals that, had Gibbs's crime been one that involved simple possession for personal use, he would have had a valid affirmative defense to his prosecution under § 2925.03. In the case where a defendant possesses a bulk amount of a controlled substance, "if the defense of personal use is proven, the defendant cannot be found guilty under R.C. 2925.03." *State v. Davis,* 16 Ohio St.3d 34, 476 N.E.2d 655, 656 (Ohio 1985). The Ohio court's interpretation of it's own statute, although not controlling, has some relevance in the inquiry whether a crime is properly considered a predicate offense under the career offender provision. *See, e.g., United States v. Payne,* 163 F.3d 371, 373 (6th Cir.1998) (looking to Michigan precedent in concluding that the crime of larceny did not include an element of force under the "crime of violence" prong of § 4B1.1); *Arnold,* 58 F.3d at 1121–22 (examining Tennessee law).

■ Gibbs does not contest the fact of this conviction or the constitutionality of it. In essence, he argues that this court should eschew the categorical approach described above by looking at the substantive facts behind his offense. This suggested approach is impermissible on direct appeal, *United States v. Butler,* 207 F.3d 839, 843

(6th Cir.2000), and it logically follows that it is not appropriate in the context of a § 2255 case. Because the statutory definition of the prior conviction clearly shows that it qualifies as a controlled substance offense, Gibbs could not have been prejudiced by counsel's alleged failure to dig deeper or object more robustly to the career offender classification.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.