THE STATE OF OHIO, APPELLEE, *v.* BRADFORD, APPELLANT.
THE STATE OF OHIO, APPELLEE, *v.* RODRIGUEZ, APPELLANT.

[Cite as State v. Bradford (1978), 55 Ohio St. 2d 116.]

(Nos. 77-1355 and 77-1384—Decided July 19, 1978.)

118

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. George J. Sadd,* for appellee in both cases.

*Mr. Paul Mancino, Jr.,* for appellants.

*Per Curiam.* Although Am. Sub. H. B. No. 300 provides that one serving a sentence shall be released if there is no substantially equivalent offense on the effective date specified in the act and any person serving a sentence of imprisonment for an offense that remains an offense after the effective date of the act but which would entail a lesser penalty shall have his existing sentence modified in conformity with the penalties provided by this act, it is clear that only vacation or modification of sentence is contemplated and that formal resentencing with the prisoner present is not contemplated or required.[2]

We have concluded that Section 3 of Am. Sub. H. B. No. 300 is a legislative grant of power of the sentencing

[2]See *State* v. *Morris* (1978), 55 Ohio St. 2d 101.

court to vacate sentences for conduct which that body considers no longer criminal or to modify sentences which the General Assembly now considers too harsh. The public policy statement of the section is that sentences for acts which are no longer criminal should be administratively reviewed and vacated by the sentencing court while sentences which cover conduct now subject to lesser sentences should be reduced. We see it to be the duty of the courts within the legislative declaration only to carry out the legislative policy to the extent that the policy may be clearly and rationally determined by viewing the comparable new statutes, Section 3 of Am. Sub. H. B. No. 300, and the statute under which sentencing occurred.

The courts below attempted to do more in the cases under review and to fit each old case exactly into the new statutes, adding evidence where necessary to fit an old conviction exactly into the altered scheme of criminalized conduct. To do so is too great a task to impose on courts already straining to meet the demands of an overburdened system of criminal justice, nor do we read such a requirement in the act.

The defendant-appellants were sellers, pushers and peddlers of drugs under either the old or the new statutes. Such criminals possessed narcotic drugs with intent to sell under the old statute; they are traffickers under the new. Absent legislative language of compelling clarity, courts may not release or shorten the sentence of criminals convicted and committed under R. C. 3719.20(A).

With this in mind, the defendants in cases Nos. 77-1355 and 77-1384 were properly denied the vacation of sentence sought, for the General Assembly has by the new statutes, R. C. 2925.03 *et seq.*, proscribed and penalized trafficking offenses thus clearly indicating its continuing policy of criminalizing such conduct.

We are unable to perceive in the new statutes any clear intent of the General Assembly to reduce sentences under R. C. 3719.20(A), except as we observe that the maximum sentence under the new statutes is less than that under the

old. Since the penalty for possession with intent to sell was a term of 10 to 20 years which is greater than the penalty for trafficking-possession under the new law, it follows that Section 3 of Am. Sub. Sub. H. B. No. 300 requires that persons convicted for possesion of heroin with intent to sell under the old law have that sentence modified so that the sentence imposed should be reduced to the next-lower penalty for a trafficking-possession offense. That is to say, the sentence should be reduced to a violation of R. C. 2925.-03(A)(6), without regard or consideration of the amount of the controlled substance involved in the prior conviction.

We do not so conclude by presuming that the applicant possessed any particular bulk amount of controlled substance, but rather so conclude because we are unable, as we have said, to find any direction or statement of policy of the General Assembly that we modify the sentences to a greater degree when we read the applicable enactments together.

We therefore affirm the orders of the Court of Appeals remanding each of the applications to the trial court for resentencing with the difference that the court is directed to resentence under R. C. 2925.03(A)(6) as to the counts which concerned possession for sale of heroin under the old section. Other errors argued by brief and not here discussed are overruled.

*Judgment accordingly.*

HERBERT, CELEBREZZE, P. BROWN and SWEENEY, JJ., concur.

W. BROWN, J., concurs in part and dissents in part.

O'NEILL, C. J., and STEPHENSON, J., dissent.

STEPHENSON, J., of the Fourth Appellate District, sitting for LOCHER, J.

WILLIAM B. BROWN, J., concurring in part and dissent- ing in part. I concur in the majority opinion with regard to its finding that courts should not hold evidentiary hearings pursuant to Am. Sub. H. B. No. 300 (H. B. 300) in an attempt to find factual support for making R. C. Chapter 3719 offenses comparable to R. C. Chapter 2925 offenses, and I agree with the assumption, implicit in the majority opinion, that H. B. 300 is constitutional. However, I disagree with the majority's conclusion that R. C. 3719.20(A) and 2925.03(A)(6) are counterparts for purposes of H. B. 300 proceedings, and, therefore, I dissent in part.

The majority opinion rules that, for purposes of Section 3 of H. B. 300, former R. C. 3719.20(A) (possession of drugs for sale) and R. C. 2925.03(A)(6) (trafficking in drugs) are to be treated as counterparts and defendants' convictions under the former are to be upheld. Because I believe that the majority's conclusion is based on a faulty premise concerning the manner in which criminal offenses are determined to be comparable under H. B. 300 and because I believe that the opinion comes to a result which is unsupported by the language of H. B. 300 and is unconstitutional, I must dissent.[3]

### I.

The majority opinion bases its finding that possession of a narcotic drug for sale and trafficking in drugs are counterparts under H. B. 300 on two grounds. The first is an implicit assumption that the General Assembly must

---

[3] I also dissent from the majority's holding that possession of drugs for sale offenses under R. C. Chapter 3719 be treated as trafficking offenses under R. C. 2925.03(A)(6) "without regard or consideration of the amount of the controlled substance involved in the prior conviction." Assuming, *arguendo*, that any trafficking offense under R. C. 2925.03(A) can be treated as a counterpart to possession of drugs for sale, the application of R. C. 2925.03(A)(6), which calls for proof of possession of three times the bulk amount, in a case where there is no evidence of the amount possessed, works an unreasonable presumption in violation of this court's holding in *Primes* v. *Tyler* (1975), 43 Ohio St. 2d 195, at pages 202-203, and the United States Supreme Court's mandate in *Vlandis* v. *Kline* (1973), 412 U. S. 441.

have intended all offenses under the former drug code to have counterparts in the new drug provisions. The second is that the two offenses are counterparts because offenders under both provisions *are likely to engage in similar activities*.

In the words of the opinion:

"The defendants-appellants were sellers, pushers and peddlers of drugs under either the old or the new statutes. Such criminals possessed narcotic drugs with intent to sell under the old statute; they are traffickers under the new."

Neither reason for finding R. C. 3719.20(A) and 2925.03(A)(6) to be counterparts is valid. The first assumption goes clearly against the language of H. B. 300. That legislation provides, in pertinent part:

"Any person charged, convicted, or serving a sentence of imprisonment for an offense under existing law that would not be an offense on the effective date specified in Section 4 of this act shall have the charge dismissed and the conviction abrogated, shall be finally released from imprisonment, and shall have his records expunged of all information concerning that offense."

The language of H. B. 300 makes it clear that the General Assembly foresaw that some offenses under the former code would not have counterparts under the new section.

The majority's reliance on the fact that offenders under both R. C. 3719.20(A) and 2925.03(A)(6) are likely to engage in similar activities is also misplaced. Section 3 of Am. Sub. H. B. 300 does not provide guidelines for determining whether offenses under former R. C. Chapter 3719 and present R. C. Chapter 2925 are comparable. However, when this court has faced the task of determining relationships between criminal statutes in double jeopardy and lesser-included offense cases, we have not considered the activities which the offenders engaged in as relevant *unless those activities were elements of the offenses* being compared. *State* v. *Rose* (1914), 89 Ohio St. 383; *State* v. *Duvall* (1924), 111 Ohio St. 657; *State* v. *Best* (1975), 42

Ohio St. 2d 530; *State* v. *Kuchmak* (1953), 159 Ohio St. 363.[4] Under the facts of the instant cause, therefore, that means that appellants' activities as sellers, pushers or peddlers are relevant *only* if selling, pushing and peddling are elements of both crimes. Since selling, pushing and peddling are not elements of R. C. 2925.03(A)(6), the majority's reliance on the fact that defendants were sellers, pushers and peddlers as grounds for finding R. C. 3719.-20(A) and 2925.03(A)(6) to be counterparts and for upholding appellants' convictions under the former is misplaced.

## II.

Once the proper test is applied to the old and new drug provisions, and the elements of the two offenses are compared, it becomes obvious that they cannot be treated as counterparts pursuant to H. B. 300. R. C. 3719.20(A) made it an offense to "[p]ossess for sale a narcotic drug." The elements of that offense were (1) possession (2) of a narcotic drug (3) with intent to sell. Under R. C. 2925.03 (A)(6) no person shall "[p]ossess a controlled substance in an amount equal to or exceeding three times the bulk amount." The elements of that offense are (1) possession

---

[4]The double jeopardy cases have applied an elements test in comparing criminal statutes. The approach taken is best set forth in paragraph three of the syllabus in *State* v. *Best* (1975), 42 Ohio St. 2d 530, which states:

"The applicable rule under the Fifth Amendment is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision rquires proof of a fact which the other does not. A single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

In *State* v. *Kuchmak* (1953), 159 Ohio St. 363, paragraph two of the syllabus, this court says:

"Where the elements of a separate offense are present with others in the offense charged in an indictment, such separate offense is a lesser included offense."

(2) of a controlled substance (3) in a certain amount. The third elements of the two offenses are not the same. The former provision required intent to sell; the latter requires possession of a certain quantity of drugs.

Because R. C. 3719.20(A) required intent to sell and R. C. 2925.03(A)(6) requires possession of a certain quantity of drugs, this court cannot treat them as comparable pursuant to H. B. 300.

The first reason that this court cannot so compare these statutes is a matter of logic. If all the elements of one offense are to be found in another, then, by definition, conviction under the latter statute establishes the elements of the former. When the former offense contains an element not to be found in the latter, however, conviction under the latter will not guarantee culpability under the former because that additional element has not been established.

The second reason that this court cannot treat the two drug provisions in question as counterparts is that to do so violates the intent of the General Assembly as it is revealed in the language of H. B. 300. This act expressly provides that criminal acts committed prior to its effective date are to be prosecuted "under the law as it existed at the time the offense was committed." Yet, if this court upholds appellants' convictions for possession for sale on the grounds that possession for sale and trafficking are counterparts when the latter contains the additional element that offenders possess a certain *quantity* of drugs, what it has done, in effect, is to apply the trafficking provision retroactively and uphold appellants' convictions on the ground of something other than "the law that existed * * *."

The third reason that this court cannot treat possession for sale and trafficking as counterparts, is that to do so will lead to the application of H. B. 300 in an unconstitutional manner. Under H. B. 300, the General Assembly specifically made the drug offenses and penalties provided for in R. C. Chapter 2925 retroactive. The effect

of H. B. 300, among other things, is to alter the general rule that a conviction obtained under a law which was in effect when the offense was committed is not affected by subsequent laws de-criminalizing that act. Under H. B. 300, a defendant convicted before the date the new drug provision became effective is entitled to have his sentence reduced if the offense for which he was convicted has a counterpart in the new code and the new provision calls for a lesser sentence than did its R. C. Chapter 3719 counterpart. He is entitled *to have that conviction annulled* if the offense for which he was convicted has no counterpart in R. C. Chapter 2925. Therefore, at least with respect to defendants convicted of former offenses which have no new counterparts, the procedure provided for in H. B. 300 involves more than sentencing. Since H. B. 300 provides that an offense with no R. C. 2925 counterpart is no longer an offense and annuls any conviction arising out of such a law, if H. B. 300 is applied incorrectly an H. B. 300 hearing can become a conviction proceeding. Moreover, if a court determines that a former provision has an R. C. Chapter 2925 counterpart even though that counterpart contains an element not found in the former drug provision, H. B. 300 can have the effect of convicting a defendant for behavior (possession of drugs of a certain quantity) which he was never proved to have engaged in when he was convicted. This effect clearly violates the defendant's right to fair trial. In addition, even if the state follows the procedure rejected by the majority opinion and attempts to introduce evidence in the H. B. 300 hearing that the defendant also possessed the requisite amount of drugs, the defendant will be deprived of his Sixth Amendment right to a trial by jury. *Duncan* v. *Louisiana* (1968), 391 U. S. 145.[5]

_____

[5]It has also been suggested that finding R. C. 3719.20(A) to have a counterpart in a new provision containing elements in addition to those found in the drugs for sale statute makes H. B. 300, as applied, an *ex post facto* law. See *State* v. *Rogers,* Case No. CR 75-5689 (Court of Common Pleas of Lucas County). A law violates the *ex post facto*

126

### III.

For the above reasons, I have dissented to what I believe is the majority's incorrect ruling that R. C. 3719.-20(A) and 2925.03(A)(6) are counterparts. I must now also add that it is possible by applying the doctrine of merger of lesser-included offenses to the instant cause to find that R. C. 3719.20(A) has a counterpart in the new drug provisions and that appellants' convictions should be upheld.

The doctrine of merger which this court has developed pursuant to R. C. 2945.74 and 2943.03 (the lesser-included offense and double jeopardy statutes) provides that a judgment of conviction entered for a single offense merges in it all lesser-included offenses. Under that doctrine, even though possession for sale does not have a counterpart in R. C. Chapter 2925, it is still possible to look in R. C. Chapter 3719 for a lesser-included offense to possession for sale which *does* have a counterpart in R. C. Chapter 2925. Applying the lesser-included offense doctrine for purposes of finding an H. B. 300 counterpart to the offense under which appellants were convicted does not prejudice the defendant because, as a matter of logic, conviction under the greater offense automatically establishes the lesser offense. (For the same reason, the fair trial and Sixth Amendment objections to finding possession for sale and trafficking to be counterparts do not apply.)

An offense merged in R. C. 3719.20(A) under the former drug code was R. C. 3719.09 (simple possession). The elements of R. C. 3719.09 were (1) possession (2) of narcotic drugs. Since R. C. 3719.20(A) also contained those two elements, R. C. 3719.09 is a lesser-included offense of

provision of the federal Constitution when it alters the legal rules of evidence and requires "less or different, testimony, * * * in order to convict the offender" than the law required at the time of the offense, *Calder* v. *Bull* (1798), 3 Dall. 386, 390; *Blackburn* v. *State* (1893), 50 Ohio St. 428, or when it deprives the accused of any substantial right or immunity possessed before its passage, *United States* v. *Palladino* (C. A. 1, 1974), 490 F. 2d 499.

R. C. 3719.20(A). Furthermore, R. C. 3719.09 *has* a counterpart under R. C. Chapter 2925. That counterpart is R. C. 2925.11, drug abuse. The elements of drug abuse again are (1) possession (2) of a controlled substance. The offense for which appellants should be sentenced is, therefore, under R. C. 2925.11.

Because I believe that the majority has applied H. B. 300 in an unconstitutional manner and in a manner contrary to clear language of the statute, and because I believe that the actual counterpart of R. C. 3719.20(A) is to be found in the new drug provisions in R. C. 2925.11, I dissent.

O'NEILL, C. J., dissenting. I respectfully dissent for the reasons stated in my dissenting opinion in *State* v. *Morris* (1978), 55 Ohio St. 2d 101.

STEPHENSON, J., dissenting. I would affirm the Court of Appeals.