[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 332.]

THE STATE EX REL. MAYNARD, APPELLANT, *v*. CORRIGAN, JUDGE, APPELLEE.

THE STATE EX REL. TINO, APPELLANT, *v*. JONES, JUDGE, APPELLEE.

[Cite as *State ex rel. Maynard v. Corrigan*, 1998-Ohio-430.]

*Mandamus to compel common pleas court judges to adjust relators' criminal sentences in accordance with the sentencing provisions of Am.Sub.S.B. No. 2, as amended by Am.Sub.S.B. No. 269—Complaints dismissed, when.*

(Nos. 97-1193 and 97-1274—Submitted October 20, 1997—Decided April 1, 1998.)

APPEALS from the Court of Appeals for Cuyahoga County, Nos. 72253 and 72358.

———————————

{¶ 1} Appellants, Lewis Maynard and David L. Tino, inmates incarcerated at Lorain Correctional Institution, filed complaints in the Court of Appeals for Cuyahoga County for writs of mandamus to compel appellees, Cuyahoga County Common Pleas Court Judges Michael Corrigan and Peggy Foley Jones, to adjust their criminal sentences in accordance with the sentencing provisions of Am.Sub.S.B. No. 2, as amended by Am.Sub.S.B. No. 269. Appellants both alleged that they were imprisoned under the laws that preceded the July 1, 1996 effective date of Am.Sub.S.B. No. 2. The court of appeals granted appellees' motions and dismissed appellants' complaints.

{¶ 2} These causes are now before the court on appeals as of right.[1]

———————————

*Lewis Maynard, pro se*.

---

1. We *sua sponte* consolidate these cases for purposes of opinion because they raise identical legal issues. *State ex rel. Wilcox v. Seidner* (1996), 76 Ohio St.3d 412, 413, 667 N.E.2d 1220, 1221.

*David L. Tino, pro se*.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *L. Christopher Frey*, Assistant Prosecuting Attorney, for appellee Judge Corrigan.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Sherry F. McCreary*, Assistant Prosecuting Attorney, for appellee Judge Jones.

_____

***Per Curiam.***

**{¶ 3}** Appellants assert that the court of appeals erred in dismissing their mandamus complaints. They contend that the failure of appellees to adjust their sentences in accordance with the provisions of Am.Sub.S.B. No. 2 violated their constitutional right to equal protection, R.C. 1.58, and applicable case law. Appellants' contentions, however, are meritless for the following reasons.

**{¶ 4}** First, Am.Sub.S.B. No. 2 does not apply to persons convicted and sentenced prior to July 1, 1996. Section 5, Am.Sub.S.B. No. 2 ("The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date * * *.").

**{¶ 5}** Second, the refusal of the General Assembly to retroactively apply the sentencing provisions of Am.Sub.S.B. No. 2 to persons convicted and sentenced before July 1, 1996 does not violate appellants' rights to equal protection and due process under the Fourteenth Amendment to the United States Constitution. *State ex rel. Lemmon v. Ohio Adult Parole Auth.* (1997), 78 Ohio St.3d 186, 188, 677 N.E.2d 347, 349.

**{¶ 6}** Third, R.C. 1.58(B) does not require appellees to apply Am.Sub.S.B. No. 2 to appellants because their sentences were imposed prior to July 1, 1996. *State v. Abelt* (Feb. 27, 1997), Cuyahoga App. No. 71361, unreported, 1997 WL 82823; *State v. Villa* (Mar. 12, 1997), Lorain App. No. 96CA006589, unreported, 1997 WL 119487; *State v. Melching* (Sept. 15, 1997), Jefferson App. No. 96JE41, unreported, 1997 WL 598043. Appellants did not specifically allege that they were

sentenced after July 1, 1996. Cf. *State v. Rush* (July 7, 1997), Stark App. No. 96CA419, unreported, appeal pending in case No. 97-1778 (Neither Am.Sub.S.B. No. 2 nor Am.Sub.S.B. No. 269 repealed R.C. 1.58, so R.C. 1.58 applies to persons sentenced after July 1, 1996 despite the language of Am.Sub.S.B. No. 269.); see *State ex rel. Fain v. Summit Cty. Adult Probation Dept.* (1995), 71 Ohio St.3d 658, 659, 646 N.E.2d 1113, 1114 (Inmates are required to plead specific facts rather than unsupported conclusions in order to withstand dismissal of complaints for writs of mandamus.).

{¶ 7} Finally, the cases relied on by appellants are inapposite because they addressed Am.Sub.H.B. No. 300, effective November 21, 1975, an amendment that specified that persons convicted and sentenced under prior law were entitled to have their previously imposed sentences modified in conformity with the penalties provided by the new law. See *State v. Morris* (1978), 55 Ohio St.2d 101, 9 O.O.3d 92, 378 N.E.2d 708; *State v. Bradford* (1978), 55 Ohio St.2d 116, 9 O.O.3d 100, 378 N.E.2d 717; *State v. Goodnight* (1977), 52 Ohio App.2d 333, 6 O.O.3d 388, 370 N.E.2d 486. Am.Sub.S.B. No. 2, as amended by Am.Sub.S.B. No. 269, contains no similar provision.

{¶ 8} Based on the foregoing, the court of appeals properly granted appellees' motions and dismissed appellants' complaints. Accordingly, we affirm the judgments of the court of appeals.

*Judgments affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

—————————