William R. Brown appeals from an order of the Darke County Court of Common Pleas overruling his motion for resentencing pursuant to Senate Bill 2.
The facts and procedural history are as follows.
On January 12, 1996, a criminal complaint was filed against Brown alleging that he had committed aggravated arson, a first-degree felony in violation of R.C. 2909.02(A)(1). On January 29, 1996, the grand jury indicted Brown on that charge. The indictment stated that the offense had occurred on December 29, 1995. On February 6, 1996, Brown was arraigned on the aggravated arson charge. He pleaded not guilty to this charge on February 22, 1996.
Brown was also indicted for insurance fraud, a third-degree felony in violation of R.C. 2913.47(B)(1). This charge stemmed from the same incident as the aggravated arson charge. On March 1, 1996, Brown was arraigned on the insurance fraud charge. He pleaded not guilty to insurance fraud. The two charges against Brown were ultimately joined, and on March 25, 1996, he changed his former not guilty pleas to pleas of guilty. The trial court accepted the pleas and found Brown guilty of the aggravated arson and insurance fraud on March 27, 1996. On April 19, 1996, the trial court conducted a sentencing hearing. Brown was sentenced to an indefinite term of incarceration of seven to twenty-five years for aggravated arson and to a definite term of two years of incarceration for insurance fraud. The sentences were to run concurrently.
On August 19, 1997, Brown filed a motion to reduce his sentence according to Ohio's newly enacted sentencing statute, Am.Sub.S.B. 2 ("Senate Bill 2"). The trial court denied this motion on September 16, 1997. Brown appealed to this court on October 10, 1997.
Brown raises one assignment of error on appeal.
 THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS OF LAW AND THE EQUAL PROTECTION GUARANTEED BY THE UNITED STATES CONSTITUTION-AMENDMENT XIV AND THE STATE OF OHIO CONSTITUTION WHEN THE COURT DENIED HIS MOTION TO BE RESENTENCED UNDER THE PROVISIONS OF SENATE BILL TWO (2).
Brown contends that his due process and equal protection rights were violated when the trial court refused to apply the provisions of Senate Bill 2, which took effect on July 1, 1996, to reduce his sentence.
Section 5 of Senate Bill 2, as amended by Am.Sub.S.B. 269, states:
 The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and, notwithstanding division (B) of section 1.58 of the Revised Code, to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposes a term of imprisonment for an offense that was committed prior to that date.
 The provisions of the Revised Code in existence on and after July 1, 1996, apply to a person who commits an offense on or after that date.
R.C. 1.58(B) provides:
 If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.
According to the express language of Senate Bill 2, its sentencing provisions are not retroactive and thus, did not apply to Brown because he had committed the offenses and had been sentenced prior to July 1, 1996.
In State ex rel. Maynard v. Corrigan (1998), 81 Ohio St.3d 332,333, the supreme court explained:
 [T]he refusal of the General Assembly to retroactively apply the sentencing provisions of Am.Sub.S.B. No. 2 to persons convicted and sentenced before July 1, 1996 does not violate appellants' rights to equal protection and due process under the Fourteenth Amendment to the United States Constitution. State ex rel. Lemmon v. Ohio Adult Parole Auth. (1997), 78 Ohio St.3d 186, 188, 677 N.E.2d 347, 349.
Thus, Brown's rights to equal protection and due process, as guaranteed by the Fourteenth Amendment to the United States Constitution, were not violated by the trial court's refusal to reduce his sentence in accordance with Senate Bill 2.
Brown also contends that the trial court's ruling on his motion impaired his equal protection rights, as guaranteed by Section 2, Article I of the Ohio Constitution. However, Ohio courts have held that "Senate Bill 2 does not violate the Equal Protection Clause of the Ohio Constitution." State v. Dubois
(Nov. 12, 1997), Wayne App. No. 97CA0019, unreported; State v.Bandell (April 9, 1997), Lorain App. No. 96CA006524, unreported, both cases citing State v. Ulrey (April 2, 1997), Lorain App. No. 96CA006610, unreported. Moreover, because the supreme court has employed federal standards in deciding cases challenging statutes as violative of Ohio's equal protection clause, Bd. of Edn. v.Walter (1979), 58 Ohio St.2d 368, 373, the supreme court's conclusion that the non-retroactivity of Senate Bill 2 did not violate the equal protection clause of the Fourteenth Amendment,Maynard, 81 Ohio St.3d at 333, indicates that it also did not offend the equal protection clause of the Ohio Constitution.
In Brown's motion to reduce his sentence according to Senate Bill 2, he argued that the trial court impaired his due process liberty interest in obtaining relief under R.C. 1.58(B). However, because Brown's sentence had been imposed prior to July 1, 1996, R.C. 1.58(B), by its express terms, did not apply to his sentence. See Maynard (1998), 81 Ohio St.3d at 333; State v. Drake (April 23, 1997), Lorain App. No. 96CA006551; State v. Jenkins (Feb. 11, 1997), Lawrence App. No. 96CA40; State v. Alford (Jan. 16, 1998), Montgomery App. No. 16528, unreported.
Hash's sole assignment of error is overruled.
The judgment of the trial court will be affirmed.
YOUNG, P.J. and BROGAN, J., concur.
Copies mailed to:
Jonathan P. Hein
William R. Brown
Hon. Lee A. Bixler