Donald L. Stark appeals from a judgment of the Montgomery County Court of Common Pleas, which overruled his motion for resentencing pursuant to the sentencing provisions of Am.Sub.S.B. 2 ("Senate Bill 2").
The facts and procedural history are as follows.
On June 30, 1992, Stark was indicted on "two counts of aggravated robbery with a firearm specification on each count, two counts kidnapping, one count aggravated burglary, and five counts of felonious assault on a peace officer." State v. Stark (May 11, 1994), Montgomery App. No. 13855, unreported. On December 17, 1992, the trial court imposed concurrent sentences of an indefinite term of fourteen to twenty-five years on each count and, upon finding that Stark had violated the terms of his probation, reimposed an indefinite sentence of three to fifteen years from a prior conviction, to run consecutive to the fourteen to twenty-five year sentence. Id. On January 14, 1993, Stark appealed, and we affirmed the trial court's judgment. Id.
On August 26, 1997, Stark filed his motion for resentencing, which was overruled by the trial court on September 9, 1997. Stark's appeal, filed on October 8, 1997, raises one assignment of error.
 THE ACTION(S) AND/OR INACTION(S) OF [SIC] TRIAL COURT WAS PREJUDICIAL TO DEFENDANT-PETITIONER'S REQUEST FOR A SENTENCE REDUCTION.
Stark contends that the trial court erred in overruling his motion for resentencing. He claims that his sentence should have been reduced pursuant to the sentencing provisions of Senate Bill 2.
Section 5 of Senate Bill 2, as amended by Am.Sub.S.B. 269, states:
 The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and, notwithstanding division (B) of section 1.58 of the Revised Code, to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposes a term of imprisonment for an offense that was committed prior to that date.
 The provisions of the Revised Code in existence on and after July 1, 1996, apply to a person who commits an offense on or after that date.
R.C. 1.58(B) provides:
 If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.
The supreme court recently stated that Senate Bill 2 "does not apply to persons convicted and sentenced prior to July 1, 1996."State ex rel. Maynard v. Corrigan (1998), 81 Ohio St.3d 332, 333. We have reached the same conclusion in several cases. See Statev. Shontee (Oct. 31, 1997), Montgomery App. No. 16456, unreported;State v. Johnson (Aug. 29, 1997), Montgomery App. No. 16179, unreported; State v. Baker (May 16, 1997), Miami App. No. 96-CA-41, unreported; State v. Marcum (April 18, 1997), Miami App. No. 96-CA-39, unreported. Thus, the sentencing provisions of Senate Bill 2 are not retroactive and did not apply to Stark, who had committed the subject offenses and had been sentenced prior to July 1, 1996.
Stark argues that, because the amendment to Section 5 of Senate Bill 2 was an ineffective attempt to amend R.C. 1.58(B), R.C. 1.58(B) requires that his sentence be amended so as to comply with the sentencing provisions of Senate Bill 2. R.C. 1.58(B), however, is inapplicable to an inmate who had been sentenced prior to July 1, 1996. See Maynard, 81 Ohio St.3d at 333; State v.Alford (Jan. 16, 1998), Montgomery App. No. 16528, unreported. Thus, Stark's constitutional challenge to Senate Bill 2 has no effect on his sentence.
The assignment of error is overruled.
The judgment of the trial court will be affirmed.
YOUNG, P.J. and BROGAN, J., concur.
Copies mailed to:
John J. Amarante
Donald L. Stark
Hon. Mary E. Donovan