[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal is brought by Thomas D. Poling, Appellant, from a judgment of the Court of Common Pleas of Allen County denying Poling's Motion for Modification of Sentence.
On January 5, 1993, Thomas Poling pled guilty to two counts of kidnapping, felonies of the first degree, pursuant to R.C.2905.01(A)(4). He was sentenced to concurrent terms of five to fifteen years in prison on each count. On November 14, 1997, Poling filed a "Motion for Modification of Sentence Pursuant to Senate Bill (2)(269) R.C. 1.58(B)." The trial court denied the motion on November 18, 1997, finding the sentencing guidelines contained in Senate Bill 2 did not apply retroactively to Poling. Poling now appeals this decision.
Appellant's only assignment of error states:
 The Appellant is being deprived of the protection provided by the 14th Amendment of the United States Constitution that is made applicable to the State of Ohio by Article (2) Section (15) of the Ohio Constitution.
Appellant is seeking a modification of his January, 1993 sentence. He contends that the failure to apply the new sentencing guidelines contained in Am. Sub. S.B. No. 2, effective July 1, 1996, to his case violates his equal protection and due process rights.
We overrule Appellant's assignment of error based on State exrel. Maynard v. Corrigan (1998), 81 Ohio St.3d 332. See, also,State v. Banks (1996), 116 Ohio App.3d 659; State v. Bell (Aug. 28, 1997), Marion App. No. 9-97-27, unreported. In Corrigan, the Supreme Court of Ohio held "Am. Sub. S.B. No. 2 does not apply to persons convicted and sentenced prior to July 1, 1996." Corrigan,81 Ohio St.3d at 333. The court further found that the General Assembly's refusal to apply the new law retroactively to persons convicted and sentenced before July 1, 1996 did not violate a defendant's right to equal protection and due process under theFourteenth Amendment to the United States Constitution. Id.
Accordingly, we find no merit to Appellant's assignment of error.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
HADLEY and BRYANT, JJ., concur.