DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Danny Merriweather, a.k.a. Abdullah Almurabitu, appeals from the decision of the Lorain County Court of Common Pleas denying his petition for postconviction relief. We affirm.
On August 31, 1993, appellant pleaded guilty to one count of attempted robbery, one count of grand theft, and one count of theft. Appellant then fled before being sentenced. He was later incarcerated in an Oklahoma state prison on separate charges. Appellant was conveyed to Ohio, and was sentenced on June 25, 1996. Appellant appealed to this court, but the appeal was dismissed in September 1996. Appellant then moved this court for a delayed appeal; we denied the motion in December 1996.
Appellant filed a petition for postconviction relief, pursuant to R.C. 2953.21, on January 15, 1997. The trial court denied appellant's petition. Appellant now appeals to this court.
Appellant asserts one assignment of error:
 THE TRIAL COURT WAS PREJUDICE [sic] DEPRIVED AND DENIED APPELLANT'S EQUAL TREATMENT/PROTECTION OF THE LAW GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENT [sic] DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION WHEN IT ERRONEOUSLY DENIED AND DISMISSED A APPELLANT'S [sic] MOTION TO MODIFY APPELLANT'S SENTENCE PURSUANT TO THE NEW OHIO REVISED CODE § 1.58[.]
Appellant was convicted and sentenced prior to July 1, 1996, the effective date of Senate Bill 2. Senate Bill 2 enacted changes in the sentencing structure of the Ohio criminal statutes, reducing the sentences for many offenses. Appellant argues that unless Senate Bill 2 is applied retroactively to modify his sentence, he is deprived of equal protection and due process.
Appellant's argument is without merit. The sentencing scheme of Senate Bill 2 does not apply to crimes committed before July 1, 1996. State ex rel. Maynard v. Corrigan (1998), 81 Ohio St.3d 332,333. Equal protection and due process are not violated thereby.Id. Accordingly, appellant's sole assignment of error is overruled.
Appellant's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ JOHN W. REECE, FOR THE COURT
QUILLIN, P. J.
DICKINSON, J., CONCUR