[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Anthony Czaplicki appeals from a judgment of the Montgomery County Court of Common Pleas, which overruled his motion for postconviction relief.
The facts and procedural history are as follows.
On April 30, 1990, Czaplicki entered pleas of guilty to rape, in violation of R.C. 2907.02(A)(2), and fleeing and eluding, in violation of R.C. 2921.331. The indictment stated that the rape offense had occurred on or about February 8, 1990 and that the fleeing and eluding offense had occurred on or about February 18, 1990. On May 29, 1990, the trial court imposed concurrent sentences of eight to twenty-five years of incarceration for the rape offense and eighteen months for the fleeing and eluding offense.
On April 24, 1997, Czaplicki filed a "Petition to Vacate and Set Aside the Degree of the Offense and Sentence, Pursuant to Section 2953.21(G) of the Ohio Revised Code." This petition essentially requested that Czaplicki be resentenced pursuant to the terms of Am.Sub.S.B. No. 2 ("Senate Bill 2"), which went into effect on July 1, 1996. On April 28, 1997, the state filed a motion to dismiss Czaplicki's petition claiming that it had not been timely filed. On May 6, 1997, the trial court overruled Czaplicki's petition and granted summary judgment in the state's favor. Czaplicki filed a "Rebuttal to State's Motion to Dismiss" on May 8, 1997 arguing that his petition had been timely filed pursuant to R.C. 2953.23(A). On May 20, 1997, the trial court overruled Czaplicki's petition.
Czaplicki filed a notice of appeal on May 27, 1997. He raises one assignment of error on appeal.
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN SUSTAINING THE STATE'S MOTION TO DISMISS AND FAILING TO APPLY THE SENTENCING PROVISIONS OF S.B. 2 TO THE APPELLANT'S SENTENCE AS REQUIRED BY THE 121ST GENERAL ASSEMBLY'S INSTRUCTION VIA ITS AMENDMENT TO SECTION 5 OF S.B. 2, AS SET FORTH IN SECTION 3 OF S.B. 269, BY VIRTUE OF DIVISION (B) OF SECTION 1.58 OF THE REVISED CODE, AND SUCH IS CONTRARY TO LAW.
Czaplicki concedes that his petition for postconviction relief was not filed within the time limits set forth in R.C.2953.21(A) or Section 3 of Am.Sub.S.B. No. 4. However, he contends that, because Senate Bill 2 was not enacted until July 1, 1996, R.C. 2953.23 granted him additional time for filing his petition.
In a case where no appeal had been taken from the judgment of conviction, former R.C. 2953.21(A)(2) required a petition for postconviction relief to be filed within one hundred eighty days after the expiration of the time for filing an appeal. Section 3 of Am.Sub.S.B. No. 4, which amended postconviction relief procedure, allowed a petitioner who had been sentenced prior to its effective date, August 21, 1995, to file a petition within the time required by the amended version of R.C. 2953.21(A)(2) or within one year of August 21, 1995, whichever date was later. Additionally, former R.C. 2953.23 provided an exception to the time limitations:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section * * * unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.
Czaplicki argues that, pursuant to R.C. 2953.23(A)(1)(a), his petition should not have been dismissed as untimely because he had been unavoidably prevented from discovering facts upon which his petition for postconviction relief relied until after the July 1, 1996 enactment of Senate Bill 2. In other words, "the fact" upon which he relied was the July 1, 1996 enactment of Senate Bill 2.
Section 5 of Senate Bill 2, as amended by Section 3 of Am.Sub.S.B. No. 269, provides:
 The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and, notwithstanding division (B) of section 1.58 of the Revised Code, to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposes a term of imprisonment for an offense that was committed prior to that date.
 The provisions of the Revised Code in existence on and after July 1, 1996, apply to a person who commits an offense on or after that date.
R.C. 1.58(B) provides:
 If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.
Senate Bill 2 "does not apply to persons convicted and sentenced prior to July 1, 1996." State ex rel. Maynard v. Corrigan (1998),81 Ohio St.3d 332, 333. See, also, State v. Stark (May 1, 1998), Montgomery App. No. 16842, unreported; State v. Marcum (April 18, 1997), Miami App. No. 96-CA-39, unreported.
Because the terms of Senate Bill 2 were not applicable to Czaplicki, who had been convicted and sentenced prior to July 1, 1996, his petition for postconviction relief, which was based on the claim that he should have been resentenced pursuant to Senate Bill 2, would have been overruled even if it had been timely filed. We cannot agree with Czaplicki that he was unavoidably prevented from discovering facts upon which his petition relied simply because Senate Bill 2 was enacted approximately six years after the imposition of his sentence. We do not think that the enactment of legislation is a "fact" within the contemplation of R.C. 2953.23(A)(1)(a). Rather, the "facts" contemplated by this provision are the historical facts of the case, which occurred up to and including the time of conviction. Thus, R.C.2953.23(A)(1)(a) did not apply to Czaplicki's petition. Moreover, Czaplicki did not show that the United States Supreme Court had recognized a new right that applied retroactively to him, R.C.2953.23(A)(1)(b), nor did he satisfy the R.C. 2953.23(A)(2) requirement of showing by clear and convincing evidence that, but for a constitutional error, no reasonable factfinder would have found him guilty of the charged offense.
Czaplicki also argued in his petition that R.C. 1.58(B) gave him the right to be resentenced pursuant to Senate Bill 2. However, because Czaplicki's sentence had been imposed prior to July 1, 1996, R.C. 1.58(B), by its express terms, did not apply to his sentence. See Maynard, 81 Ohio St.3d at 333; Stark, supra;State v. Alford (Jan. 16, 1998), Montgomery App. No. 16528, unreported.
Czaplicki's assignment of error is overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Karyn J. Lynn
Anthony Czaplicki
Hon. Adele M. Riley