Vernon B. Ellison appeals the Highland County Court of Common Pleas' denial of his motion for resentencing. In his assignments of error, Ellison contends that R.C. 1.58 and Am.Sub.S.B. No. 2 ("Senate Bill 2"), require the court to reduce the sentence it imposed upon him in March 1995. Ellison also argues that by refusing to sentence him under Senate Bill 2, the trial court denied him due process in violation of the United States and Ohio Constitutions. Finally, Ellison asserts that Senate Bill 2 violates the United States and Ohio Constitutional prohibitions against ex post facto laws. We disagree. Pursuant to State ex rel. Maynard v. Corrigan (1998),81 Ohio St.3d 332, 333, Senate Bill 2 does not apply to sentences imposed prior to July 1, 1996. Pursuant to State exrel. Lemmon v. Ohio Adult Parole Auth. (1997), 78 Ohio St.3d 186,188, refusing to apply Senate Bill 2 retroactively does not violate an offender's constitutional rights. Finally, Senate Bill 2 does not increase punishments for crimes rectroactively, hence it is not an ex post facto law. Accordingly, we affirm the trial court's judgment.
 I.
In March 1995, the Highland County Court of Common Pleas found Ellison guilty of one count of theft and two counts of arson. The trial court sentenced Ellison to eighteen months on the theft charge, two years on one arson charge, and fifteen years incarceration on the second arson charge. The trial court ordered Ellison to serve the terms concurrently.
In 1995, the General Assembly enacted Senate Bill 2, which revised the criminal sentencing structure for Ohio. Senate Bill 2 became effective on July 1, 1996. The General Assembly also enacted Am.Sub.S.B. No. 269, effective July 1, 1996, to clarify its intent that Senate Bill 2 applies only to the sentences of persons who commit an offense on or after July 1, 1996.
In October 1997, Ellison filed a motion in which he asked the court to resentence him and to revise his sentence on the ground that Senate Bill 2 altered the terms of imprisonment for theft and arson convictions. Ellison also argued that Senate Bill 2 and Am.Sub.S.B. No. 269 violate his constitutional rights. The trial court denied Ellison's motion. Ellison timely filed this appeal, in which he asserts the following assignments of error:
 I. THE TRIAL COURT ERRED IN NOT ACKNOWLEDGING THE OBVIOUS VIOLATIONS OF DEFENDANT/APPELLANT'S CONSTITUTIONAL RIGHTS WHICH OCCUR DIRECTLY FROM ADHERENCE TO THE LANGUAGE OF SENATE BILL 2 AND SUBSEQUENT AM. SUB. H.B. 269; BOTH OF WHICH RECOGNIZE THAT THE OHIO REVISED CODE IN EXISTENCE PRIOR TO THEIR RESPECTIVE ENACTMENTS CONTAINS STATUTES WHICH PROVIDE FOR THE TRANSITION TO AMENDED LAW; YET, BOTH OF WHICH, BY THEIR LANGUAGE, CLAIM THAT IN SPITE OF OR NOTWITHSTANDING SUCH STATUTES THAT NO SUCH TRANSITION SHOULD BE PERMITTED.
 II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN NOT RECOGNIZING THE MERITS OF THE DEFENDANT/APPELLANT'S CAUSE AND IN DOING SO VACATING THE CURRENT SENTENCE OF THE APPELLANT AND ALLOWING HIM ACCESS TO THE PROVISIONS OF THE SENTENCING GUIDELINES OF SENATE BILL 2, WHEREBY HE WOULD THEN BE RESENTENCED IN ACCORDANCE WITH THE PROVISIONS OF THE RESTRUCTURED SANCTIONS OF SUCH.
 III. BY NOT ACKNOWLEDGING THESE DISPARITIES AND EXERCISING ITS INHERENT AUTHORITY TO RULE ON SUCH, THE SENTENCING COURT, IN ITS DENIAL OF DEFENDANT'S MOTION PLACED UNDUE BURDEN UPON THE DEFENDANT, AND FINANCIAL BURDEN UPON THE STATE OF OHIO BY FORCING THE DEFENDANT/APPELLANT TO SEEK RELIEF/REMEDY IN THE COURT OF APPEALS.
 II.
In each of his assignments of error, Ellison asserts that the trial court erred by refusing to reduce his sentence and resentence him under the sentencing structure of Senate Bill 2. Ellison advances two arguments in support of these assignments of error. First, Ellison contends that R.C. 1.58(B) and Senate Bill 2 require the court to reduce his sentence. Second, Ellison contends that the trial court's refusal to sentence him under the new sentencing scheme violates his rights under the United States Constitution and Article II of the Ohio Constitution.
 A.
Ellison asserts that R.C. 1.58 was enacted to confer access to the provisions of Senate Bill 2 upon him, and that R.C. 1.58
requires the trial court to reduce his sentence in accordance with Senate Bill 2. R.C. 1.58 provides that, "[i]f the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended." In State ex rel. Maynardv. Corrigan (1998), 81 Ohio St.3d 332, 333, the Ohio Supreme Court ruled that R.C. 1.58 does not require Senate Bill 2 to apply to persons who were sentenced before Senate Bill 2 took effect.
Moreover, Section 5 of Senate Bill 2, as amended by Am.Sub.S.B. No. 269, specifically provides that Senate Bill 2 does not alter sentences imposed for crimes committed before July 1, 1996:
 The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and, notwithstanding division (B) of section 1.58 of the Revised Code, to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposes ' a term of imprisonment for an offense that was committed prior to that date.
 The provisions of the Revised Code in existence on and after July 1, 1996, apply to a person who commits an offense on or after that date.
In Maynard, the Ohio Supreme Court confirmed that, pursuant to Section 5 of Senate Bill 2, the new sentencing scheme does not apply to people sentenced prior to July 1, 1996. Maynard at 333.
In this case, the court convicted and sentenced Ellison prior to July 1, 1996. Consequently, R.C. 1.58(B) does not require the trial court to reduce Ellison's sentences, the sentencing scheme of Senate Bill 2 does not apply to Ellison, and the trial court did not err by refusing to reduce his sentence.
 B.
Ellison also contends that if Senate Bill 2 and Am.Sub.S.B. No. 269 do not require the court to resentence him, the statutes deprive him of his rights under the Eighth andFourteenth Amendments to the United States Constitution. Additionally, Ellison contends that Senate Bill 2 violates the prohibition on ex post facto laws contained in the United States Constitution and Article II of the Ohio Constitution.
Ohio courts have employed various rationale to dispose of similar constitutional arguments. See, e.g., Maynard, supra at 333, citing State ex rel. Lemmon v. Ohio Adult Parole Auth.
(1997), 78 Ohio St.3d 186, 188 (Senate Bill 2 does not violate the equal protection and due process clauses of theFourteenth Amendment to the United States Constitution); State v. Spillman
(May 1, 1997), Highland App. No. 97CA921, unreported (Senate Bill 2 does not violate the Fifth, Eighth, andFourteenth Amendments despite effect of different punishments for same offenses); State v. Wise (Oct. 25, 1996), Ashland App. No. 1151, unreported (defendant failed to show beyond a reasonable doubt that Senate Bill 2 is unconstitutional); State v. Adkins
(July 12, 1996), Fulton App. No. F-95-028, unreported (defendant "failed to demonstrate in any discernible manner any violation of the equal protection clauses of the United States or Ohio Constitutions."). Cf. State v. Foust (June 18, 1996), Richland App. No. 95-CA-99, unreported (defendant lacks standing to challenge the constitutionality of Senate Bill 2 because he was not sentenced under Senate Bill 2). Likewise, we find Ellison's argument that Senate Bill 2 violates his Eighth
and Fourteenth Amendment rights meritless.
Ellison's argument that Senate Bill 2 violates the United States and Ohio constitutional prohibitions against ex postfacto laws, while original, is likewise without merit. An expost facto law is a law which attaches a punishment to a crime greater than the punishment associated with the crime when the crime was committed. Calder v. Bull (1798), 3 U.S. (3 Dall.) 386, 390-92; Lynce v. Mathis (1997), 519 U.S. 433, 440. Senate Bill 2 provides that the punishments for crimes committed prior to its effective date are not altered by its enactment. Thus, Senate Bill 2 is not an ex post facto law.
 III.
In conclusion, we find that the trial court's refusal to resentence Ellison under Senate Bill 2 does not violate his statutory or constitutional rights. Accordingly, we overrule Ellison's assignments of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.
For the Court
 BY: _________________________ Roger L. Kline, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.