This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Jose Velasquez appeals from the decision of the Lorain County Court of Common Pleas, denying his motion for judicial release. We affirm.
On March 7, 1988, appellant was convicted of one count of engaging in a pattern of corrupt activity and one count of unlawful transaction in weapons. The trial court imposed a prison sentence of seven to twenty-five years on count one and two years on count two, with the sentences to be served consecutively. Appellant appealed, and we affirmed the trial court. State v.Velasquez (July 10, 1991), Lorain App. No. 90CA004894, unreported. Appellant also pursued other postconviction relief not relevant to the present appeal.
On December 8, 1997, appellant moved for judicial release. The trial court denied appellant's motion on December 10, 1997. The trial court found that appellant could not receive judicial release because he was convicted and sentenced before that provision went into effect. This appeal followed.
Appellant asserts one assignment of error:
THE TRIAL COURT ERRORED [sic] BY NOT CONSIDERING THE MERITS OF APPELLANT'S MOTION FOR JUDICIAL RELEASE.
Appellant argues that he is eligible for judicial release and that the trial court erred by finding that the judicial release statute does not apply to him. We disagree.
Under R.C. 2929.20, sentencing courts are permitted to reduce the sentences of eligible offenders through judicial release. R.C. 2929.20 was enacted as a part of Am.Sub.S.B. No. 2. The Ohio Supreme Court has held that "Am.Sub.S.B. No. 2 does not apply to persons convicted and sentenced prior to July 1, 1996." State exrel. Maynard v. Corrigan (1998), 81 Ohio St.3d 332, 333. Appellant was convicted and sentenced in 1988. Therefore, judicial release under R.C. 2929.20 is not available to appellant because he was convicted and sentenced before July 1, 1996. Therefore, the trial court properly denied appellant's motion.
Appellant's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
FOR THE COURT
SLABY, P. J.
CACIOPPO, J.
CONCUR
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6 (C), Article IV, Constitution.)
(Cacioppo, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6 (C), Article IV, Constitution.)