JOURNAL ENTRY and OPINION
Defendant-appellant Nick Miller appeals from the trial court order that denied his petition for postconviction relief.
In his single assignment of error, appellant presents four separate reasons to support his argument that the trial court's order was improper. This court has considered the App.R. 9(A) record in light of appellant's argument and finds the trial court's decision was correct. Its order, therefore, is affirmed.
The record reflects that on April 16, 1986 appellant was indicted in this case with two co-defendants, viz., John Costella and Steven Munici. Appellant and his co-defendants were charged with two counts of aggravated robbery, R.C. 2911.01, and one count of possessing criminal tools, R.C. 2923.24. Both counts of aggravated robbery contained a gun specification.
Appellant pleaded not guilty to the charges and was assigned counsel to represent him. Counsel subsequently filed the appropriate defense motions, including a motion for separate trials. Several pretrial hearings were conducted in the following months.
On June 12, 1986 appellant entered into a plea bargain whereby, in exchange for a plea of guilty to count one of the indictment, the state dismissed the remaining charge. The trial court "fully advised" appellant of his "constitutional rights" before accepting appellant's plea and ordering a presentence investigation and report.
Although the original sentencing date in appellant's case was set for June 23, 1986, the record reflects the trial court postponed appellant's sentencing several times. Ultimately, on September 30, 1986, the trial court sentenced appellant to a term of incarceration of three years on the gun specification, to be served prior to and consecutive with an actual term of eight to twenty-five years. The journal entry of sentence also stated that the three-year term on the gun specification was "to run consecutive (sic) to cases CR-207363, CR-207097, and CR-206841."[1]
On March 17, 1997 appellant filed a "motion to advise and sentence * * * according to the law in effect on July 1, 1996 and thereafter." Appellant argued that his request to be sentenced in accordance with the law commonly referred to as "Senate Bill 2" was "based upon the provisions of O.R.C. Section 1.58 (B)." In anunc pro tunc entry later issued for March 23, 1997 the trial court denied appellant's motion with the statement that Senate Bill 2 was not retroactive.
Appellant appealed to this court from the trial court's denial of his motion. This court stayed appellant's appeal pending the supreme court's decision in State ex rel. Maynard v. Corrigan
(1998), 81 Ohio St.3d 332. Thereafter, in State v. Miller (June 25, 1998), Cuyahoga App. Nos. 72344-72347, unreported, this court affirmed the trial court's denial of appellant's Senate Bill 2 motion. The Ohio Supreme Court ultimately denied appellant's subsequent motion to file a delayed appeal of this court's decision.
While appellant's appeal was pending in this court, on November 4, 1997, appellant, proceeding pro se, filed a petition to "vacate or set aside sentence" pursuant to R.C. 2953.21.
Appellant alleged in this petition the prosecutor failed to adhere to the plea agreement; appellant asserted that the agreement included a promise he would receive "super shock probation" from the trial court. Appellant further stated the trial transcripts and documents that supported this assertion had been destroyed by a 1988 courthouse fire. Appellant therefore attached his own affidavit and the affidavit of "Kathleen Miller"[2] to the effect that each had "witnessed" the agreement "that after serving the time for the Gun Specification and six months on the Aggravated Robbery sentence [appellant] would receive Super Sock (sic) Probation."
On November 20, 1997 the state responded to appellant's petition with a motion to dismiss. The state argued, inter alia,
that appellant's petition was untimely filed.
On June 16, 1998 appellant, by and through counsel, filed an "amended petition for post-conviction relief." Appellant amended his former petition by deleting the allegation regarding the plea agreement and asserting a new one, viz., ineffective assistance of trial counsel.
Appellant now asserted that although both of his co-defendants originally had been convicted of the firearm specification contained in the instant case, as appellant was, both later successfully challenged their sentences on the specification on the basis the firearm was inoperable. Appellant asserted his trial counsel therefore was ineffective for counseling him to enter a plea to the first count of the indictment.
Appellant attached to his petition as an exhibit the trial court's findings of fact and conclusions of law filed in co-defendant Costella's case. Therein, the introduction stated as follows: "On April 5, 1995, Petitioner [Costella] filed his motion for post conviction relief * * *."
In an entry filed on December 3, 1998 the trial court denied appellant's petition for postconviction relief in the instant case. The trial court cited as the basis for its decision the following conclusions of law: (1) appellant's petition was untimely filed; (2) appellant's allegations were barred by the doctrine of res judicata; (3) appellant failed to provide substantive proof of his allegations; (4) appellant "still ha[d] not exhausted all possible appellate remedies"; and (5) appellant's petition was a successor petition to his motion to sentence him pursuant to Senate Bill 2.
Appellant has filed a timely appeal from the trial court's denial of his petition. He presents the following assignment of error:
 THE LOWER COURT ERRED IN DENING (SIC) APPELLANT'S PETITION FOR POST-CONVIVCTION (SIC) RELIEF WITHOUT AN EVIDENTIARY HEARING.
Appellant argues none of the last four of the trial court's conclusions of law was appropriate in this case. Appellant neglects, however, to address the trial court's first conclusion of law.
The versions of R.C. 2953.21 et seq. in effect at the time of appellant's original sentencing subsequently were amended effective September 21, 1995.[3] The pertinent provisions state: § 2953.21 Petition for postconviction relief. * * * (2) A petition under division (A) (1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or the date on which the trial transcript is filed in the supreme court if the direct appeal involves a sentence of death. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
 § 2953.23 Time for filing petition; appeals. (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petition was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A) (2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.
(Emphasis added.)
Moreover, Section 3 of Am.Sub.S.B. 4, the General Assembly act that amended the statutes, contained the following "savings" language:
 SECTION 3. A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A) (2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.
(Emphasis added.)
A review of the foregoing in conjunction with appellant's petition reveals appellant neither filed his petition within the time period prescribed nor complied with the requirements set forth in R.C. 2953.23(A).
Appellant received his sentence in 1986, prior to the September 21, 1995 effective date of Am.Sub.S.B. 4. Therefore, he had until Monday, September 23, 1996 to file his petition for postconviction relief. State v. Pannell (Jan. 20, 1999), Wayne App. No. 98CA0034, unreported; cf., State v. Schulte (1997),118 Ohio App.3d 184; State v. Akers (Feb. 2, 1998), Lawrence App. No. 97 CA 22, unreported.
Appellant filed a first "motion" challenging the legality of his sentence on March 27, 1997; this was arguably a petition for postconviction relief. State v. Reynolds (1997), 79 Ohio St.3d 158
. Since appellant filed even this first motion well after the time limitation, the trial court's decision to dismiss both appellant's subsequent November 4, 1997 petition and appellant's June 16, 1998 "amended" petition on the basis of untimeliness was proper. State v. Cooper (Mar. 26, 1999), Lake App. No. 97-L-286, unreported; cf., State v. Delgado (June 18, 1999), Geauga App. No. 98-G-2137, unreported.
Moreover, as stated in R.C. 2953.23 (A), the trial court did not have the authority to "entertain" appellant's untimely petition since he could not meet either requirement set forth in subsections (1) and (2). State v. Velez (Jan. 7, 1998), Lorain App. No. 97CA006696, unreported.
Appellant asserted in his "amended" petition that on September 16, 1986, after a jury trial, his co-defendant Munici in this case was found guilty of the crime of aggravated robbery with a gun specification. Appellant further asserted the trial court, in sentencing Munici, "found that the firearm was not operable and dismissed the specification." Appellant had to have been aware of these facts by the time of his own sentencing two weeks later on September 30, 1986. Therefore, he could not show he was "unavoidably prevented from discovery" of the facts upon which he relied to present his claim for relief.
Similarly, especially in view of this court's opinion in App. Nos. 72344-72347, appellant also could not demonstrate a new "state right" applied retroactively to this case.
Finally, appellant also was required to show by "clear and convincing evidence" that error of constitutional magnitude both occurred at and prejudiced the result of his "trial." Appellant's conviction, however, resulted from a plea; therefore, he never could meet this further requirement.
The provisions of R.C. 2953.21 et seq. do not provide authority to a trial court to entertain a petition for postconviction relief that is untimely filed; therefore, the trial court properly dismissed appellant's petition on this basis. State v.Velez, supra; State v. Cooper, supra. Under these circumstances, it is unnecessary to consider appellant's arguments with respect to the other conclusions of law made by the trial court.
Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, J. CONCURS; DIANE KARPINSKI, P.J. CONCURS IN JUDGMENT ONLY.
 ________________ JUDGE KENNETH A. ROCCO
[1] Appellant filed his notice of appeal only as to CR-207,788; therefore, these cases are not included in the record on appeal. In its findings of fact, however, the trial court stated that on April 6, 1986 appellant "was indicted on multiple counts" in those cases of "aggravated robbery, felonious assault and possessing criminal tools, with firearm and violence specifications."
[2] This person's relationship to appellant was not specified.
[3] The statute thereafter was amended three more times; however, the subsequent versions did not change the sections of the statute that apply herein.