OPINION
Defendant-appellant, Ronnie Collins, appeals an order of the Butler County Court of Common Pleas denying his "petition to vacate and set aside rest of sentence." For the following reasons, we affirm the trial court's decision.
In 1983, appellant pled guilty to one count of sexual battery in Case No. CR82-12-0736 and was sentenced to three to ten years in prison. In November 1983, he was granted shock probation.
Three years later, in Case No. CR85-07-0400, a jury found appellant guilty of two counts of kidnapping, two counts of rape, and one count of resisting arrest. The trial court sentenced appellant to consecutive terms of seven to 25 years each on the two kidnapping counts and one count of rape.[1]
Both appellant and the state appealed in Case No. CR85-07-0400. On the state's cross-appeal, this court held that appellant's second rape offense was committed separately from its related kidnapping charge and was subject to its own prison term. See State v. Collins (July 27, 1987), Butler App. Nos. CA86-04-048 and 058. Upon remand, the trial court imposed a seven to 25-year term on the second count of rape to be served concurrent to appellant's other sentences.
In March 2000, appellant was classified a sexual predator in Case No. CR82-12-0736. On direct appeal, this court, pursuant to Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, dismissed the appeal upon a determination that no errors had occurred. See State v. Collins, Butler App. No. CA2000-04-064, 2001-Ohio-4211.
On August 7, 2001, appellant filed his petition to vacate and set aside the remainder of his sentence which was tantamount to a petition for postconviction relief. The trial court denied appellant's petition and the matter is before us on a timely appeal.
Appellant's pro se brief lacks any structure or organization, is disjointed and convoluted, and contains no specific assignments of error. We have, however, identified four allegations of error from appellant's brief which we will treat as assignments of error.
Appellant first argues that he was denied the effective assistance of appellate counsel in his two previous appeals. Since the case at bar is an appeal of the denial of a petition for postconviction relief, we must decline further consideration of this particular issue since "claims of ineffective assistance of appellate counsel are not cognizable in post-conviction [sic] proceedings pursuant to R.C. 2953.21." State v.Murnahan (1992), 63 Ohio St.3d 60, 65. Appellant has not complied with the appropriate procedural requirements under the Ohio Appellate Rules for initiating a claim of ineffective assistance of appellate counsel. For these reasons, appellant's first assignment of error is overruled.
In his second assignment of error, appellant submits that he should not have been convicted and sentenced on both the rape and kidnapping charges because they were allied offenses of similar import.
Following his convictions in Case No. CR85-07-0400, the trial court declined to impose a sentence on one of the two rape charges. In a cross-appeal from that decision, the state claimed that the lower court erred in merging the rape and kidnapping offenses. We concluded that under R.C. 2941.25(B), the kidnapping offense and the rape offense were committed separately or with a different and distinct animus. State v.Collins, Butler App. Nos. CA86-04-048 and 058. Specifically, since sufficient asportation of the victim occurred to constitute separate conduct from that needed to commit the rape, the rape offense should not have been merged with the kidnapping conviction. Id.
It is well-established that a defendant cannot raise an issue in a motion or petition for postconviction relief if he could have raised the issue on direct appeal. State v. Reynolds, 79 Ohio St.3d 158,1997-Ohio-304; State v. Szefcyk, 77 Ohio St.3d 93, 1996-Ohio-337, syllabus. The doctrine of res judicata precludes a convicted defendant "from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment."Szefcyk at 96. Nothing precluded appellant from directly appealing the issue of whether his rape and kidnapping convictions were allied offenses of similar import to the Supreme Court of Ohio. Accordingly, appellant cannot now use this claim as a basis for a petition for postconviction relief. Id. The second assignment of error is overruled.
For his third assignment of error, appellant claims he should be sentenced under the provisions of the 1995 Criminal Sentencing Act adopted with the passage of Am.Sub.S.B. 2. See 146 Ohio Laws, Part IV, 7136.
In support of his position, appellant refers us to House Bill 300, which enacted the Uniform Controlled Substance Act, "in particular, from Section 3 of the act." Section 3 of House Bill 300 permitted an individual who was incarcerated when the statute was enacted in 1975 to seek modification of his sentence so as to comply with the new law.
The Supreme Court of Ohio has held that House Bill 300 and those decisions interpreting its provisions are inapplicable to situations in which an individual seeks resentencing pursuant to Senate Bill 2.Maynard v. Corrigan, 81 Ohio St.3d 332, 1998-Ohio-430. See, also, Statev. Vaughan (June 17, 1998), Lorain App. No. 97CA006689. Furthermore, appellant was sentenced and incarcerated in 1983. This court has previously held that Senate Bill 2 does not apply to individuals convicted of and sentenced for crimes committed before July 1, 1996. State v.Woods (May 8, 2000), Butler App. No. CA99-11-196. See, also, Maynard v.Corrigan. We accordingly conclude that appellant is not entitled to be resentenced pursuant to the provisions of Senate Bill 2. Appellant's third assignment of error is overruled.
As his final assignment of error, appellant claims that plain error was committed in his case. Appellant does not cite any specific instance of plain error, but alleges that all of the circumstances associated with his previous three assignments of error collectively amount to plain error.
As part of the inquiry into whether plain error occurred, a reviewing court "must examine the error asserted by the [defendant] in light of all of the evidence properly admitted at trial and determine whether the jury would have convicted the defendant even if the error had not occurred."State v. Slagle (1992), 65 Ohio St.3d 597, 605, certiorari denied (1993), 510 U.S. 833, 114 S.Ct. 106. Reversal is warranted only if the outcome of the trial clearly would have been different absent the error.State v. Long (1978), 53 Ohio St.2d 91, paragraph two of the syllabus. In addition, plain error should be found only in exceptional circumstances and only to prevent a manifest miscarriage of justice. Id. at paragraph three of the syllabus.
Having reviewed our prior decisions, appellant's specific assignments of error, see State v. Hill, 92 Ohio St.3d 191, 2001-Ohio-141, and the record in the case at bar, we find no manifest miscarriage of justice and conclude that the alleged errors suggested by appellant do not amount to plain error. For these reasons, appellant's fourth and final assignment of error is overruled.
Having determined that appellant is unable to establish a substantive ground for relief, the trial court properly dismissed the petition for postconviction relief. See State v. Armstrong (1988), 56 Ohio App.3d 105. The trial court's judgment is affirmed.
YOUNG and POWELL, JJ., concur.
[1] As a result of these convictions, appellant's shock probation in Case No. CR82-12-0736 was revoked and his original sentence reinstated.